UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT LOUIS LICCIARDI, | Case No. 2:22-cv-00265-KJM-JDP (HC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| JOHNSON, | ECF No. 11 |
| Defendant. | OBJECTIONS DUE IN FOURTEEN DAYS |
| | ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING |
| | ECF No. 16 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss arguing that petitioner's claim is untimely. I agree that petitioner's claim is time-barred and not subject to tolling. Accordingly, I recommend that his petition be dismissed.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to dismiss a habeas corpus claim. *See, e.g., Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB

(P), 2017 WL 2403701, at *4 (E.D. Cal. June 2, 2017), *aff'd*, *Ram v. Cty. of Sacramento*, 738 F. App'x 571 (9th Cir. 2018).  Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal.

### A. Timeliness of the Petition

Petitioner was convicted in 1995, and direct review of that conviction was finalized in August of 1997.  ECF Nos. 13-1, 13-2, & 13-3.  In February 2018, he obtained a new DNA report, which he used to mount a new challenge to his conviction.  ECF No. 1 at 30-34.  Petitioner filed three state habeas petitions based on this report.  The first was filed on June 5, 2020, and denied on April 14, 2021.  ECF Nos. 13-5 & 13-6.  The second was filed on April 30, 2020, and denied on September 15, 2021.  ECF Nos. 13-7 & 13-8.  The third and final petition was filed on September 21, 2021, and denied on December 22, 2021.  ECF Nos. 13-9 & 13-10.  The instant federal petition was filed on February 10, 2022.  ECF No. 1.

Based on the foregoing timeline, respondent contends that the petition is untimely, and I agree.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for filing federal habeas claims.  28 U.S.C. § 2244(d)(1)(A).  Time typically runs from the date a petitioner's conviction is finalized, but here it runs from the date on which the new DNA evidence was received and the factual predicate of the immediate claims was discovered.  28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").  Given that petitioner received the DNA evidence on February 28, 2018, he had until February 28, 2019, to file his federal petition, minus any tolling for properly filed petitions.

As noted above, the first petition was filed on June 5, 2020, well after the statute of limitations had expired.  For his part, petitioner contends that there was an earlier filed petition that he filed *pro se* and that was dismissed by the state court because he was represented by an attorney at that time.  ECF No. 16 at 3.  That petition was filed on January 25, 2019, but, given its dismissal, it was not properly filed and so did not toll the limitations period.  Moreover, the

petition was filed on January 25, 2019, and dismissed nine days later, on February 4, 2019.  ECF No. 19-2.  These nine days would not result in sufficient tolling to render the petition timely.

### B. Actual Innocence

Petitioner alleges that the *Schlup* actual innocence exception permits his petition to be excepted from the statute of limitations bar.  The statute of limitations period established by the AEDPA is excused if a petitioner makes a credible showing of "actual innocence."  *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011); *Schlup v. Delo*, 513 U.S. 298 (1995).  However, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare."  *Schlup*, 513 U.S. at 321.  To show actual innocence, petitioner must provide sufficient new evidence to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Lee*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 327).  Petitioner must demonstrate factual innocence and "not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).

By way of background, petitioner was convicted of the first-degree murder of his father for financial gain.  ECF No. 13-2 at 1.  Post-conviction testing revealed that a bloody shirt that was offered into evidence at trial by the prosecution did not contain the DNA of either petitioner or the victim.  ECF No. 13-6 at 1-2.  Petitioner also contends that: (1) an alibi witness placed him elsewhere on the date of the murder; (2) that DNA evidence on the murder weapon points to somebody other than him; and (3) that ballistics evidence cuts against his guilt.  None of these claims makes a credible showing of actual innocence.

As to the shirt, there is no question that it was false evidence.  ECF No. 13-6 at 2 (noting that respondent conceded that it was false).  As the state court reasonably found, however, it was not essential to the prosecution's case.  The prosecution's strategy relied on showing that petitioner had motive to kill his father and a close connection to the gun used in the murder.  *Id.*  Further, given that there was no evidence of burglary, the prosecution posited that it was likely that the victim was killed by someone he knew.  *Id.*  None of these strategies relied on the shirt.  The shirt was relevant only to the prosecution's point that numerous factors made it appear that the crime scene had been staged after the murder.  As the state court found, the bloody shirt was

3

far from the only piece of evidence pointing to the crime scene's staging. *Id.* at 2-3. Thus, even if the shirt was false evidence, a reasonable juror could still have voted to convict petitioner.

Petitioner's other three theories fare no better. Petitioner's alibi evidence relies on the statement of Annette Licciardi, who put him in bed with her at the time of the murder. ECF No. 1 at 36. This evidence is not new; it was known to petitioner, the prosecution, and the court at the time of the trial and so cannot establish actual innocence. *Id.* at 39 (The alibi witness gave statements about petitioner being with her to the district attorney's office during a polygraph examination; the trial court barred petitioner from introducing these alibi statements at trial.). And the lack of petitioner's DNA evidence on the weapon is hardly conclusive of his innocence. As respondent points out, numerous individuals handled the gun between the murder and when it was tested for DNA evidence in 2018. ECF No. 19 at 7-8. Thus, the lack of petitioner's DNA on the weapon is not a strong indicator of his actual innocence. Finally, petitioner's claims based on the ballistics report also fail because that report was available at the time of trial and, thus, is not new evidence.

Having determined that the petition is untimely and that petitioner has failed to make a showing of actual innocence, it is ORDERED that his motion for an evidentiary hearing, ECF No. 16, is denied.

Further, it is RECOMMENDED that respondent's motion to dismiss, ECF No. 11, be GRANTED and the petition, ECF No. 1, be DISMISSED without leave to amend as time barred.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    December 6, 2022                                                  
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE